## No. 10,109.

## H. GRABENHEIMER VS. JOHN B. BUDD, SHERIFF, ET ALS.

The sheriff is responsible to the injured party for all damages occasioned through his negligence, malfeasance or misconduct or that of his deputies.

The party who obtains an attachment of his debtor's property, and realizes nothing thereby. because a second writ obtained against the same property is designedly executed in advance of his, by a deputy sheriff with full knowledge of the facts, is entitled to recover damages against the sheriff.

The measure of such damages is not the amount of his claim, if it exceeds the value of the debtor's property which the injured party intended to reach; but he cannot recover more than he would have received if the officer had done his duty.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. *Allen*, J.

*Knobloch, Moore & Badeaux* for Plaintiff and Appellant.

*L. F. Suthon* and *T. L. Winder*, for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J.   The sheriff and his bondsmen are sued for damages in the sum of $2113 91, alleged to have been caused to plaintiff through the malfeasance and misconduct of the sheriff's deputy.   The judgment of the district court, resting on the verdict of a jury, was in favor of the defendants, and plaintiff appeals.

The facts are as follows :

Plaintiff, as creditor of one S. Simon, in the sum of $2113 91, sued out, and obtained, a writ of attachment of his debtor's property, consisting of the contents of a country store, and placed the writ in the hands of the sheriff for immediate execution.

While the papers were being prepared, the counsel of another creditor of Simon, having been informed thereof by a deputy sheriff, hurriedly prepared papers for an attachment of the same property, which were completed in the attorney's office by the clerk of the court, who had been sent for through the same deputy sheriff.

Hiring a fleet horse, counsel placed the writ which he had thus obtained in the hands of this deputy sheriff, with special instructions to hurry to the store, at a distance of eleven miles from the court-house, and to serve the process in advance of the service to be made by the sheriff of the writ first obtained by plaintiff's counsel, and first placed in his hands.

The plan was carried out, and the attachment under the second case, subsequently filed, had been executed by the deputy when the sheriff reached the store, and the result was that the entire contents of the

store were absorbed by the attachment issued in the second suit, and that plaintiff took nothing by means of his process.

Under the plain text of the law, and in keeping with numerous adjudications on the subject, it is an undeniable proposition that the sheriff is responsible in damages to the party injured through the malfeasance, misconduct or delinquency of his deputy. C. P. Art. 764; Revised Statutes, sec. 3594; Wilkins vs. Bobo, 13 Ann. 430; Marshall vs. Simpson, 13 Ann. 437; Bogel vs. Bell, 15 Ann. 163; State ex rel. Attorney General vs. Budd, sheriff, 39 Ann. 232.

According to the showing made by the record in this case, the unquestioned right in law of the plaintiff, Grabenheimer, was that his writ should have been executed before the attachment sued out in the second suit, filed on that day, against the common debtor; and under that state of things he would have been entitled, as fruits of his legal vigilance and of his ranking seizure, to the proceeds of the debtor's property, which were otherwise absorbed by the creditor in the second suit.

He had taken all the legal steps necessary to a fair accomplishment of that result, and as he has been illegally thwarted in his lawful design the question recurs to trace the cause of his defeat, resulting in a clear loss.

The record answers that the cause was the illegal and very reprehensible conduct of the deputy sheriff who served the second creditor's process, with the avowed intention and design of "beating" the first attachment; and according to law the sheriff "remains responsible" therefor.

The acts performed by the deputy in his official capacity, are the acts of the sheriff, and although the latter was designedly kept in ignorance of his deputy's movements in the premises, the law holds him as rigorously responsible, as if both writs had been placed in his own hands, and he had wittingly given an illegal preference to one of the writs over the other.

It is part of a sheriff's duty to have his deputies under proper control, and to see that they honestly and impartially perform their official duties.

Having concluded that the sheriff is liable to plaintiff in the premises, we must now fix the quantum of damages.

Plaintiff's counsel contend that the amount of his claim $2113 91, is the measure of damages, and they rely on the provisions of section 3594 of the Revised Statutes, which provides, in substance, that the party injured, through the failure, neglect or refusal of the sheriff, in

connection with such writs, is entitled to recover the full " amount owing on the claim sued on."

But manifestly that provision of the law must be construed with reference to the hypothesis that under the circumstances of the case, the whole " amount owing on the claim sued on," could have been satisfied out of the debtor's property which escaped through the negligence or misconduct of the sheriff or his deputies.

The law means to compel the sheriff to indemnify the injured party, but it surely could not intend to coerce him to guarantee the claim sued on.

The instant case very aptly illustrates the distinction which courts must observe in the application of the law.

All the property of Simon, the debtor, was attached under the process hereinabove described, and at the sale made thereunder, it realized as clear proceeds, after deducting costs, taxes and the lessor's privilege, the insignificant sum of $215 25.

That is the sum which plaintiff would have realized if his process had been served as it should have been, and that sum is therefore the extent of the loss which plaintiff has sustained through the fault of the sheriff.

The rule is settled that in such cases the injured party cannot recover more than he would have received if the officer had done his duty. Marshall vs. Simpson, 13 Ann. 437; Bogel vs. Bell, 15 Ann. 163.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from and the verdict of the jury be set aside and annulled, and it is now ordered that plaintiff do have and recover judgment in the sum of $215 25, with legal interest from judicial demand, against John B. Budd, sheriff, and his official sureties, John D. Wright and Henry C. Duplantis, jointly and severally, with recognition of mortgage on the defendant Dudd's property, according to sec. 4 of act 52 of 1880, and that he recover his costs in both courts.