[No. 12003.   Department One.   July 20, 1915.]

CONTINENTAL DISTRIBUTING COMPANY, *Respondent*, v.
J. W. HAYS *et al., Appellants.*[1]

EXECUTION—SALES—TITLE—SALE UNDER JUNIOR EXECUTION.  Sales
of personal property under a junior execution will convey good title,
and the proceeds under a junior writ must be applied to the satis-
faction of a senior writ.

SHERIFFS AND CONSTABLES—LIABILITY—SALE UNDER JUNIOR EXECU-
TION.   Under Rem. & Bal. Code, § 515, making it the duty of the
sheriff to indorse upon a writ of execution the time when he received
it, and Id., § 657, requiring him to execute attachments against the
same defendant in the order in which they are received, the sale
must be made under the senior writ to enable the senior creditor to
protect his interests by a bid at his own sale; and the sheriff and
his official bondsmen are liable for the value of the goods, if sale is
made at a less value under a junior writ, and it is not enough that
the proceeds of the sale were applied to the judgment of the senior
creditor.

APPEAL—REVIEW—PARTIES ENTITLED.   Appellants can take no ex-
ception to an order to apply proceeds of a sale in reduction of their
liability, as it is beneficial to them.

SHERIFFS AND CONSTABLES—LIABILITY—SALE UNDER JUNIOR WRIT—
MEASURE OF DAMAGES.   The measure of damages to a senior attach-
ment creditor, for the sale of personal property by a sheriff under
a junior writ, is the value of the property at the time of the sale,
and not the difference between the price obtained and that which
could have been obtained by a sale under the senior writ.

Appeal from a judgment of the superior court for Frank-
lin county, Grady, J., entered January 19, 1914, upon find-
ings in favor of the plaintiff, in an action for damages, tried
to the court.   Affirmed.

*Chas. W. Johnson*, for appellants.

*Driscoll & Leonard*, for respondent.

CROW, J.—Defendant J. W. Hays, at the dates herein-
after mentioned, was the sheriff of Franklin county, and the

[1]Reported in 150 Pac. 416.

defendant Pacific Coast Casualty Company, a corporation, was the surety on his official bond. On March 18, 1911, the plaintiff, Continental Distributing Company, having commenced an action, No. 1386, in the superior court of Franklin county against one Dan Jones and Stella Jones, his wife, to recover $441.10, caused an attachment to be issued and delivered to the defendant Hays, as sheriff, who on the same day levied the attachment on personal property belonging to Jones. On May 19, 1911, the Davis-Kaser Company, having commenced a second action, No. 1442, against Jones, caused an attachment to be issued and delivered to defendant Hays, who, on June 7, 1911, levied it on the identical property on which he had levied the first attachment in cause No. 1386. On July 5, 1911, judgment was recovered by the Davis-Kaser Company in cause No. 1442, against Jones and wife for $378 and costs, and on September 5, 1911, judgment was recovered by the plaintiff, Continental Distributing Company, in cause No. 1386, for the full amount of its claim with costs.

On December 20, 1911, the Continental Distributing Company, holding the first attachment lien, caused an execution to issue in cause No. 1386, upon its judgment, and delivered the same to the sheriff with directions to sell the property theretofore attached. Two days later, the Davis-Kaser Company, holding the second attachment lien, caused an execution to be issued in cause No. 1442, upon its judgment, and delivered the same to the defendant Hays with directions to satisfy his judgment. The sheriff, over the objections of the Continental Distributing Company, proceeded to sell the property under the second execution and attachment lien in cause No. 1442, he being of the opinion that the sale could be made under either execution. The property sold for $25 only, which, after deducting his expenses of $2.55, the defendant sheriff paid into court for the Continental Distributing Company. The first execution, in cause No. 1386, was returned unsatisfied for the reason that all the property of

Jones had been sold under the second execution in cause No. 1442. Thereupon the Continental Distributing Company commenced this action against Hays and also against the surety company upon his official bond, to recover as damages the value of the attached property, alleged to be $400.10. The trial court found the facts above stated, and further found the value of the attached goods to be $100 at the date of the sale. Upon these findings, judgment was entered for the plaintiff for $22.45, the amount realized from the sale, and for the further sum of $77.55, making a total of $100, the value of the property found. From this judgment, the defendants have appealed.

The questions raised by the assignments of error are, (1) whether the act of the defendant Hays, as sheriff, in selling the goods under the second execution in cause No. 1442, over the objections of respondent, the holder of the prior execution, caused the respondent to sustain any damage, and constituted a breach of his official bond for which the sheriff would be liable; and (2) assuming it to be such a breach, whether the court adopted the correct measure of damages.

A sale of personal property under a junior execution will convey good title to the purchaser. *Smallcomb v. Buckingham*, 1 Salk. 320, 1 Lord Raymond, 251; *Kilby v. Haggin*, 26 Ky. (3 J. J. Marsh.) 208; *Rogers v. Dickey*, 1 Gilman (Ill.) 636, 41 Am. Dec. 204. In *Marsh v. Lawrence*, 4 Cow. (N. Y.) 461, 468, the court said:

"It is well settled, that if two writs of *fieri facias* are delivered to the sheriff, and he sells under the junior execution, such sale cannot be avoided, and the party has no remedy but against the sheriff. The property of the goods is bound by the sale; and cannot be taken by the execution first delivered. The reason given is, 'that sales made by the sheriff ought not to be defeated; for if they were, no man would buy goods levied upon by a writ of execution.' . . . If the executions are in the hands of the same officer, the plaintiff in the first execution has a perfect remedy against him; for it is his duty to sell on the first; and if he does not, he is answerable."

The rule seems to be that the proceeds of a sale of personalty made under a junior writ must be applied to the satisfaction of the senior writ. 2 Freeman, Executions (3d ed.), § 196; *Love v. Williams,* 4 Fla. 126; *Rogers v. Edmunds,* 6 N. H. 70.

It has been stated *arguendo* in a number of the cases above cited that the officer making a sale under a junior execution will be liable to the holder of the senior execution for any damage done him by such sale, and this doctrine seems to have been generally accepted. We have been unable, however, to find any case in which the liability of a sheriff for making a sale under a junior execution was the issue directly involved. In all the cases cited, the actions were for the recovery of the property sold or for an application of the proceeds of the sale. 25 Am. & Eng. Ency. Law (2d ed.), 682; *Marsh v. Lawrence, supra; Arberry v. Noland,* 25 Ky. (2 J. J. Marsh.) 421; *Grabenheimer v. Budd,* 40 La. Ann. 107, 3 South. 724.

Section 515, Rem. & Bal. Code, makes it the duty of the sheriff to "indorse upon the writ of execution the time when he received the same." In *Ohlson v. Pierce,* 55 Wis. 205, 12 N. W. 429, where a similar statute was under consideration, the court said:

"The statute requires that, 'upon the receipt of any execution, the sheriff or other officer shall indorse thereon the year, month, day, and hour of the day, when he received the same.' Section 2972, R. S. The only possible object of this statute is, that the officer shall proceed to levy executions in the precise order of time in which they are so received and indorsed, and to confer upon an execution plaintiff a priority of right to such levy, and therefore a prior lien upon the property of the execution defendant; for by another statute his personal property is not bound until seized under execution."

It would seem that an execution sale should be made under the writ entitled to priority. Otherwise the holder of the prior execution might be deprived of his right to purchase the property at his own sale for a fair value in satisfaction

of his judgment; that is, he might be unable to procure a sale for its full value under the second execution, over which he would have no control; and this is exactly what seems to have happened in the instant case, to the prejudice and damage of respondent. One object in giving priority to the writ first delivered is to secure the senior creditor. The levy clearly contemplates a sale of the property under the first writ with the privilege to the execution creditor to bid at his own sale, thus protecting his interests. Rem. & Bal. Code, § 657 (P. C. 81 § 433), requires the sheriff to execute the attachments against the same defendant in the order in which they are received. The plaintiff's prior attachment, under which the property was held, was never dissolved. It was levied to secure the property of the defendant for the satisfaction of any judgment that respondent might recover. Rem. & Bal. Code, § 647 (P. C. 81 § 413). A subsequent attachment or execution should not interfere with that right, and any act of the sheriff causing such an interference would render him liable for damages suffered. It is not sufficient that the proceeds of the sale were applied to the judgment of the senior creditor, as he had an absolute right to a sale under his prior execution, in order that he might protect himself, and the sheriff is liable for any interference with that right.

The measure of damages found by the trial court was the value of the goods at the time of the sale. To reduce appellants' liability for the value thus found, the trial judge ordered the proceeds of the sale to be paid to respondent. To this order, the appellants can take no exception, as it was beneficial to them. Appellants, however, contend that the proper measure of damages is the difference between the price obtained and that which could have been obtained by a sale under respondent's execution. We think the trial court adopted the correct rule. 35 Cyc. 1698.

The judgment is affirmed.

MORRIS, C. J., CHADWICK, and PARKER, JJ., concur.